UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>RETAIL SERVICES & SYSTEMS, INC. *d/b/a Total Wine & More*,<br><br>　　　　Respondent. | Civil Action No. 1:23mc28 (AJT/WEF) |

**RESPONDENT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO SEAL**

Pursuant to Local Civil Rule 5, and in response to the Court's December 6, 2023 Order, *see* Dkt. 30, Respondent Retail Services & Systems, Inc. ("RSSI"), by and through its counsel, submits this non-confidential memorandum in support of its Motion to Seal. RSSI seeks to permanently seal certain portions of sentences within the three exhibits attached to the November 21, 2023 Supplemental Declaration of Christina Brown, which were previously filed under seal as Dkt. 27-1 through 27-3. Attached to this Motion are versions of the exhibits that redact only the information that RSSI seeks to permanently seal. Each of the exhibits were previously produced to the FTC by Southern Glazer's Wine & Spirits, LLC ("Southern") in connection with a confidential FTC investigation. Southern marked each of the documents with a footer stating "CONFIDENTIAL TREATMENT REQUESTED BY SOUTHERN GLAZER'S." Since each of the three exhibits reflect confidential business dealings between Southern and RSSI, RSSI has an independent interest in sealing the exhibits, as explained in greater detail below.

1

# ARGUMENT

It has long been established in the Fourth Circuit that "before a district court may seal any court documents, it must (1) give public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Ashcraft v. Conoco, Inc.*, 218 F.3d 282, 288 (4th Cir. 2000). All three requirements are satisfied here.

First, RSSI's Motion is publicly docketed and contains a notice informing the public of its request. Thus, the public has been given adequate notice of a request to seal and a reasonable opportunity to challenge the request. *See Stone v. Univ. of Maryland Med. Sys. Corp.*, 855 F.2d 178, 181 (4th Cir. 1988).

Second, RSSI is not seeking to seal entire documents, but instead merely seeks to redact and seal partial sentences that are immaterial to the merits of this proceeding. Indeed, the three exhibits were filed with the FTC's reply brief to support a tangential and uncontroverted point that one of RSSI's employees likely possessed relevant documents or information sought by the FTC, *see* Dkt. 24, which is now moot given the parties' settlement in principle. *See* Dkt. 31. Courts recognize that defendants who "narrowly tailored their request to the redaction of discrete, limited" information that is "not material to the merits" have satisfied this requirement. *Globus Med. Inc. v. Jamison*, 2023 U.S. Dist. LEXIS 136157, *6 (E.D. Va. Jan. 12, 2023). *See also Kettler Int'l, Inc. v. Starbucks Corp.*, 2015 U.S. Dist. LEXIS 1486, *3 (E.D. Va. Jan. 5, 2015) (granting motion to seal involving a similar narrowly tailored request to redact only confidential information); *Adams v. Object Innovation, Inc.*, 2011 U.S. Dist. LEXIS 151644, at *12 (E.D. Va. Dec. 5, 2011), *report and recommendation adopted*, 2012 U.S. Dist. LEXIS 4925,

(E.D. Va. Jan. 17, 2012) ("[The] proposal to redact only the proprietary and confidential information, rather than seal the entirety of [the documents], constitutes the least drastic method of shielding the information at issue.").

Third, the narrow information that RSSI seeks to permanently seal contains highly confidential information about RSSI's business operations, strategies, and costs, all of which could be used by competitors to obtain an advantage over RSSI if the information became public. Courts recognize that this type of confidential business information is appropriate for sealing. *E.g.*, *Globus Med.*, 2023 U.S. Dist. LEXIS 136157 at *6 ("Sealing is appropriate where the document at issue contains consists of information that could be used to competitive advantage against an organization if it became public."); *Kira (US) Inc. v. Samman*, 2023 U.S. Dist. LEXIS 126314, *17 (granting motion that sought to seal documents that were "replete with proprietary and confidential information" about a business); *Bond Pharm., Inc. v. Anthem Health Plans of Va.*, Inc., 2023 U.S. Dist. LEXIS 136155, *4 (E.D. Va. Apr. 27, 2023) (granting motion that sought to seal "confidential and sensitive information relating to the Parties' business practices"); *Trs. of Columbia Univ. in the City of New York v. Nortonlifelock Inc.*, 2021 U.S. Dist. LEXIS 259262, *4 (E.D. Va. Dec. 23, 2021) (granting motion that sought to seal "highly confidential, non-public information regarding Norton's business, processes, and products"). Indeed, there is no legitimate public interest in disclosing the proprietary and confidential information of [the defendant], a closely held corporation." *Adams*, 2011 U.S. Dist. LEXIS 151644 at *12.

Here, each of the three exhibits reflect confidential transactions and future business plans relating to specific products in specific jurisdictions. It is self-evident that the limited, partial sentences that RSSI has redacted and now seeks to seal reveal significant confidential information about RSSI's business operations, strategies, and costs. RSSI closely protects such information

from public disclosure. This information could cause RSSI irreparable harm if obtained by a competitor, who could in turn use this information to obtain a competitive advantage over RSSI and its affiliated entities.

## CONCLUSION

Having satisfied all three requirements of *Ashcroft*, RSSI respectfully requests that the Court permanently seal certain portions of sentences identified within the three exhibits attached to the November 21, 2023 Supplemental Declaration of Christina Brown, which were previously filed under seal as Dkt. 27-1 through 27-3, on grounds that the public has received adequate notice of this Motion, no less drastic alternatives to sealing exist, and such information is confidential and proprietary to RSSI.

December 18, 2023

Respectfully submitted,

*/s/ Michael R. Dziuban*
Michael R. Dziuban (VA Bar No. 89136)
Stephen Weissman (*pro hac vice*)
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 200036
Telephone: 202.955.8252
MDziuban@gibsondunn.com
SWeissman@gibsondunn.com

4